UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:16-cr-00190-SEB-MJD |
| | ) | |
| AKRAM I. MUSLEH, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN SUPPORT OF AN *EX PARTE, IN CAMERA* MOTION FOR A PROTECTIVE ORDER PURSUANT TO CIPA SECTION 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)**

The United States of America, by and through its counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Doris L. Pryor and Steve DeBrota, Assistant United States Attorneys, respectfully submits this response to defendant's motion and memorandum opposing the government's requests to file ex parte, in camera a motion for a protective order pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1) (Docket #79).

**Introduction**

Defendant moves to bar this Court from considering on an *ex parte*, *in camera* basis any potential government motion filed pursuant to Section 4 of the Classified Information Procedures Act (CIPA) and instead compel disclosure of the government's submission to defendant's counsel (Docket #79). Both CIPA Section 4 and Rule 16(d)(1)

1

of the Federal Rule of Criminal Procedure specifically authorized the government to submit an *ex parte* motion seeking *in camera* review of classified information that may be potentially discoverable. As underscored by CIPA's legislative history, requesting disclosure of the government's submission would defeat the very purpose of Section 4.

Nothing about the circumstances of this case, including the fact that defense counsels hold security clearances, gives grounds for departing from this accepted practice. Defense counsels lack a "need to know" under the government Executive Order. Therefore, the Court should follow standard CIPA procedures and review the government's forthcoming CIPA Section 4 motion and the supporting materials *ex parte* and *in camera*.

## Argument

### I.     *Ex Parte* Proceedings Under CIPA Section 4 Are Appropriate and Warranted in this Case

To start, defense counsel's argument would defeat the very purpose of CIPA Section 4 rendering it merely "illusory." *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008). The Court should decline to do that, and should instead employ well-established procedures utilized in districts throughout the country. The reason those procedures are consistently employed is simple: CIPA Section 4 does not confer on the government a privilege to refrain from disclosing classified information. Instead, it is simply a set of procedures that clarifies a court's existing powers under Federal Rule of Criminal Procedure 16(d)(1) to protect a government privilege in classified information. *United States v. Hanjuan Jin*, 791 F. Supp. 2d 612, 617-18 (N.D. Ill. 2011). Defendant offers no persuasive reason to upend the statutory framework enacted by Congress and

employed by courts across the land.

In fact, CIPA's fundamental purpose is to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial. *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002). In keeping with this purpose, CIPA establishes rules for the management of classified information involved in criminal cases. *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("It is essentially a procedural tool that requires a court to rule on the relevance of classified information before it may be introduced.")

Section 4 of CIPA sets out the procedures for discovery of classified information It provides, in pertinent part, that:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III § 4 (1980). As noted, Section 4 of CIPA specifically authorizes the United States to submit an *ex parte* motion seeking an *in camera* review of classified information that may be discoverable in a federal criminal case. "Section 4 does not create any new rights or limits on discovery of classified information, but rather clarifies a court's existing powers under [Federal Rule of Criminal Procedure] 16(d)(1) to protect a government privilege in classified information." *Hanjuan Jin*, 791 F. Supp. 2d at 617-18 (citing *United States v. Mejia*, 448 F.3d 436, 455) (D.C. Cir. 2006)).

3

Rule 16(d)(1) contains a substantially identical provision:

At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause [for relief from discovery] by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16.

CIPA Section 4 "does not confer on the government a privilege to refrain from disclosing classified information; it merely presupposes one." *United States v. Abu–Jihaad*, 630 F.3d 102, 140 (2d Cir.2010) (citations omitted); see also, *United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011). As the Senate Report explains, Section 4 intended to clarify the district court's power under Rule 16 to deny or restrict discovery in the interests of national security. S. Rep. No. 96-823 at 6, reprinted in, 1980 U.S.C.C.A.N. 4294, 4299. Thus, by stating explicitly that a court may "delete specified items of classified information from documents" that the defendant is entitled to receive under Rule 16, Section 4 provides express statutory authority for a court to deny discovery of potentially relevant information. CIPA gives district courts discretion to withhold "classified information that might otherwise have been discoverable." *United States v. Aref*, 533 F.3d 72, 76-78 (2d. Cir. 2008) (CIPA clarifies district courts power to issue orders denying or restricting discovery for good cause); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984) (CIPA allows for limitation of discovery of classified information).

In essence, CIPA Section 4 allows the United States to request that the court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83(1963), *Giglio v. United*

*States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable. *See United States v. Libby*, 429 F.Supp. 2d 46, 47 (D.D.C. 2006); *United States v. Yunis*, 867 F.2d 617, 619-25 (D.C. Cir. 1989); *Hanjuan Jin*, 791 F. Supp. 2d at 617–18.

Numerous courts have upheld the propriety of *ex parte*, *in camera* proceedings in cases involving classified information. *See*, *e.g.*, *United States v. Daoud*, 755 F.3d 479, 484 (7th Cir.), supplemented, 761 F.3d 678 (7th Cir. 2014) (trial judge failed to conduct proper *ex parte in camera* review to determine whether defense counsel was entitled to classified information); *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir.2002) (district court properly conducted *in camera*, *ex parte* proceeding to determine whether classified information was discoverable); *United States v. Amawi*, 695 F.3d 457, 472 (6th Cir. 2012) (approving *ex parte* proceedings under Section 4); *United States v. Abu-Jihaad*, 630 F.3d at 143 (district court "acted well within its discretion" in reviewing CIPA Section 4 motion *ex parte*); *Aref*, 533 F.d at 81 (same); *Mejia*, 448 F.3d at 457-59 ("[f]inding no support for the defendants' claim of the right to participation or access in CIPA or the Federal Rules"); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In a case involving classified documents…*ex parte*, *in camera* hearings in which the government counsel participates to the exclusion of defense counsel are part of the process that the district court may use to decide the relevancy of the information."); *Pringle*, 751 F.2d at 427 (approving *in camera* review of documents); *see also United States v. Dumeisi*, 424 F.3d 566, 577 (7th Cir. 2005) (noting that the district court's Section 4 proceeding was handled *in camera*); *United States v. Marzook*, 435 F.Supp. 2d 708, 714 (N.D. Ill. 2006).

The rationale underlying CIPA's legislative history explains why *ex parte*, *in camera* review is needed: "the government is seeking to withhold classified information from the defendant," hence "an adversary hearing with defense knowledge would defeat the purpose of the discovery rules." *Aref*, 533 F.3d at 81 (quoting H.R. Rep. 96-831(11), 27 n. 22(1980)); *see also Campa*, 529 F.3d at 995 ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view."); *see also* David Kris & J. Douglas Wilson, *National Security Investigations and Prosecutions* § 26:7 (2d ed. 2012).

Defense counsel has failed to identify any courts that have denied the government's filing its Section 4 application *ex parte* and *in camera*. This Court should not be the first.

In the motion filed prior to the court-scheduled deadline for the government's CIPA submission, defense counsel challenges the *ex parte* nature of the proceedings "absent very exceptional circumstances." Courts have uniformly rejected this argument. *See*, *e.g.*, *Abu-Jihaad*, 630 F.3d at 143 (rejecting defense contention that *ex parte* submissions are improper "[a]bsent a showing of exceptional circumstances"); *accord Klimavicius-Viloria*, 144 F.3d at 1261; *United States v. Rezaq*, 134 F.3d 1121, 1143 (D.C. Cir. 1998); *United States v. Libby*, 429 F.Supp. 2d 18, 24-25 (D.D.C. 2006); *United States v. Zazi*, 2011 WL 2532903 (E.D.N.Y. June 24, 2011) (considers *ex parte* consideration of CIPA motions as the rule); *United States v. Holy Land Foundation for Relief and Development*, No. 3:04-CR-240-G, 2007 WL 959029 (N.D. Tex. March 28,

2007) (the government may file its *ex parte* submission without giving the defendant notice). As the *Libby* court stated:

> [T]he Court declines to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4. There is simply no requirement for such a showing in the CIPA, and this Court cannot not judicially require it.

*Id.* at 24-25.

Next, the defendant suggests that counsel should be able to view classified information to argue whether that information is helpful to the defense. This argument has also been rejected by the courts. *See, Hanna*, 661 F.3d at 296 (rejecting argument that the defense needs to determine discoverability, stating "[w]hile CIPA and constitutional standards contemplate that all records will be made available to a reviewing court in order to assess decisions made below, that does not mean that the properly withheld in the district court must be disclosed to the defense, so that they, too, can assess the information."); *Mejia*, 448 F.3d at 458 (observing that to the extent that defense counsel are "disadvantaged by not being permitted to see the information-and thus to assist the court in its assessment of the information's helpfulness," there are "close analogies" of *in camera* review for Jencks Act and Brady material); *United States v. Yunis*, 867 F.2d 617, 624 (D.C. Cir. 1989) ("We recognize that the defendant and his counsel in CIPA cases are hampered by the fact that the information they seek is not available to them until such a showing is made. Thus, it might be said, they cannot show the helpfulness of contents, because they do not know their nature. This apparent Catch-22 is more apparent than

real.")[1]

Finally, defendant argues that because his counsel has previously received security clearances, they should be given access to classified information. The fact that defense counsel possesses a security clearance has no bearing on whether the government can proceed *ex parte* under CIPA Section 4. In *Daoud*, the Seventh Circuit held that it is a mistake to assume that "simple possession of a security clearance automatically entitles its possessor to access to classified information that he is cleared to see." *Daoud*, 755 F.3d at 484, supplemented, 761 F.3d 678 (7th Cir. 2014). The Court explained that there were "too many leaks of classified information—too much carelessness and irresponsibility in the handling of such information—to allow automatic access to holders of the applicable security clearances." *Id.* Concurring with the Fifth Circuit, the Court was "unpersuaded by the defendants' argument that the Government's interest in confidentiality is diminished because defense counsel possess security clearance to review classified material." *Id.* (citing *United States v. El–Mezain*, 664 F.3d 467, 568 (5th Cir.2011)) (internal citations omitted). *Id*.

The Seventh Circuit held that a security clearance alone does not afford a person access to classified information; there must be a need-to-know. *Id.* at 484; *see also* Exec.

---

[1] Contrary to defendant's portrayal, Section 4's procedures are not unique: courts frequently examine many types of confidential information *ex parte*, *in camera* pursuant to Rule 16(d) to determine whether the information is discoverable. *See United States v. Jumah*, 599 F.3d 799, 809-10 (7th Cir. 2010)(recommending a district court's *in camera* review of an informant's file and noting that "[s]uch a review is the accepted procedure for resolving legitimate doubt about the existence of undisclosed material and one that balances the defendant's important need for access to potentially relevant material with the government's valid interest in protecting confidential files and the integrity of pending investigations"); *In re John Doe Corp.*, 675 F.2d 482, 489-90 (2d Cir. 1982) (summarizing circumstances where *in camera* review used including state secrets, privilege issues, and Jencks Act); *see also United States v. Zolin*, 491 U.S. 554, 568-69 (1989) (crime fraud exception to attorney/client privilege); *Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1986) (approving ex parte review to determine discoverability of sensitive information); *Kerr v. United States District Court*, 426 U.S. 394, 405-06 (1976) (personnel and prisoner files).

Order 13526 §§ 4.1(a) and 6.1(dd) (requiring that a "need to know" determination be made prior to the disclosure of classified information to anyone, including those who possess a security clearance); *United States v. Amawi*, 695 F.3d at 473-74 (noting that a security clearance "by itself does not entitle defense counsel to view any documents," and rejecting claim that *ex parte* CIPA Section 4 proceedings were inappropriate); *United States v. Yousef*, 327 F.3d 56, 168 (2d Cir.2003) (if the Court decides that the information at issue is not discoverable at all, defendant is not entitled to production of the information, regardless whether his counsel is willing to submit to security clearance procedures.); *United States v. Zazi*, 2011 WL 2532903, at *3 (E.D.N.Y. June 24, 2011) ("[The defendant's] lawyers both possess top secret security clearances which afford them access to the classified summaries that the government will shortly provide, but those clearances do not mandate an adversary hearing or access to immaterial classified information for which counsel has no legitimate need"); *United States v. Holy Land Foundation for Relief and Development*, No. 3:04-CR-240-G, 2007 WL 2011319, at *4 (N.D. Tex. July 11, 2007) ("[t[he defendants' due process rights cannot turn on the qualifications of their counsel); *Baldrawi v. Department of Homeland Security*, 596 F.Supp. 2d 389, 400 (D. Conn. 2009) (cleared counsel denied access to CIPA classified information because they had no need to know); *United States v. Bin Laden*, 126 F.Supp. 2d 264, 287 n. 27 (S.D.N.Y. 2000) ("Defense counsel's assertion that, given their security clearance, they ought to have access to the sensitive documents is not persuasive to the Court…those security clearances enable El-Hage's attorneys to review classified documents, but they do not entitle them to see all documents with that classification." (internal citations omitted). Here, defense counsel must articulate a need-to-know the

9

specific information at issue. Defendant's counsel does not have a need to know the sensitive and classified information that may be submitted to the Court, so whether or not they hold security clearances should have no bearing here.

> II. **The Government Cannot Produce Its Legal Arguments Without Disclosing the Classified Information the CIPA Section 4 Motion is Designed to Protect**

Defendant alternatively seeks an order requiring the government to disclose its legal arguments that support non-production of sensitive classified information, asserting that because his counsel have clearances "[t]here is no sensible reason why disclosure of the government's arguments would implicate national security." (Docket #79 at 13). This is a clear attempt to end-run around CIPA Section 4 and the very purpose of the statute. By filing a redacted CIPA Section 4 motion or a separate memorandum setting forth the government's legal authorities in support of its motion, the government would essentially be discussing the very classified information the government seeks to protect.

Classified information is discoverable only if the Court determines it is relevant and helpful to the defense. *Hanjuan Jin*, 791 F. Supp. 2d at 620. Even if this threshold is met, before requiring disclosure of classified information, a court must balance the defendant's need for the materials against the impact that disclosure of the classified information would have on national security. *Id.* (citing *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988)); *see also*, *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (stating the need for "balancing the public interest in protecting the information against the individual's right to prepare his defense" should have been applied by the district court in a CIPA case).

Any legal argument that the government would make in a redacted legal brief

10

regarding the discoverability of classified information would necessarily refer to the classified information, and, in some cases, the sensitive intelligence sources and methods by which the classified information was obtained. Thus, it is not possible to provide the government's legal arguments in a separate memorandum without disclosing sensitive information that even cleared counsel do not have a need to know.

In *United States v. Zazi*, 2011 WL 2532903 *2 n.4 (E.D.N.Y. June 24, 2011), the court denied a similar request recognizing that an unclassified version of the government's Section 4 motion would, by its very nature, be useless to defendants.

> I have considered the possibility of directing the government to create a redacted and unclassified version of its submission for consumption by defense counsel and the public. I conclude, however, that deleting all references to non-discoverable classified information would make the government's submission incoherent and, thus, functionally useless to defense counsel…Hence, the government's entire submission and all accompanying records will remain sealed to facilitate possible appellate review.

*Id.*

Not all districts have followed this practice, and some courts have required the government to file redacted versions of its CIPA Section 4 motions. *See United States v. Turner*, No. 13-CR-572, 2014 WL 3905873 (N.D. Ill. July 29, 2014) (citing *Hanuan Jin*, 791 F.Supp. 2d at 622 n. 1). Although the orders issued in *Turner* and *Jin* do not include the courts' reasons for requiring the government to make a redacted public filing, the courts' orders were presumably motivated, at least in part, by an interest in protecting the public's traditional right to access judicial documents. *See Jin*, 791 F.Supp. 2d at 622 n.1 (ordering, at the same time the court granted the government's CIPA Section 4 motion, the government to file a redacted version of its motion "for the public record").

However, as the Court pointed out in *Daoud*, a federal judicial procedure [is] not

11

always adversarial and "it is not always fully public." *Daoud*, 755 F.3d at 482 (provides examples of routinely concealed judicial procedures including classified materials in judicial proceedings). The interest in public transparency must be weighed against the "interest in national security, which requires a degree of secrecy concerning the government's efforts to protect the nation." *Id.* Consistent with the appropriate balance struck by the court in the *Zazi* case, the Court should deny the defense's request for the government to submit an incoherent redacted legal memorandum and instead seal the possible forthcoming government's entire submission and all accompanying records to facilitate possible appellate review. 2011 WL 2532903 *2 n.4 (E.D.N.Y. June 24, 2011). This approach would remain consistent with both the statutory language of CIPA, *see* 18 U.S.C. App. 3 § 4, and the *ex parte* procedure established under the statute.

Moreover, none of the three cases defendant cites in support of his argument for access to the government's legal arguments ordered such relief (see Docket #79 at 13-14). *Abu-Jihaad*, *Libby* and *Bostan* each found *ex parte* proceedings under CIPA Section 4 were proper, but repeated the unremarkable proposition that the court retained discretion, under circumstances not present in those cases, to order disclosure to the defense. Indeed, *Abu-Jihaad*, *Bostan* and *Libby* further support the government's position that CIPA Section 4 proceedings should be *ex parte* and *in camera* proceedings:

> Additionally, although CIPA "specif[ies] written submissions: from the government, "[it] do[es] not rule out hearings in which government counsel participate." Thus, while "[e]x parte hearings are generally disfavored," such hearings "are part of the process that the district court may use in order to decide the relevancy of the information."

*Bostan v. Obama*, 674 F.Supp. 2d, 9, 27 (D.D.C. 2009) (citing *Klimavicius-Viloria*, 144 F.3d at 1261).

Therefore, the Court should deny defendant's attempt to force disclosure of the government's legal arguments under CIPA Section 4.

### III. The Government has No Objection to the Defense Making an *Ex Parte* Presentation to the Court

The defense has requested the alternative relief of making their own *ex parte* presentation to the Court, wherein they may apprise the Court of what evidence it believes would be 'relevant and helpful' to this case. The government has no objection to such a hearing, which would permit the defense to share defense theories that they may be uncomfortable sharing with the government. Indeed, a bifurcated presentation most appropriately addresses the defense's concerns without revealing sensitive classified information.

### **Conclusion**

For the foregoing reasons, the government respectfully requests that the Court review the government's forthcoming CIPA Section 4 motion *ex parte* and *in camera* as authorized by statute. This is particularly true because the defendant seeks to file – and the government does not oppose – an *ex parte* submission that outlines his defenses to assist the Court in making the determination whether the classified materials are discoverable.

Accordingly, wherefore, the United States of America requests the Court to deny the defendant's request to compel disclosure of the government's CIPA Section 4 submission and grant his motion to make an *ex parte* presentation to the Court.

        Respectfully Submitted

        JOSH J. MINKLER
        United States Attorney

By:    S:/Doris L. Pryor
        Doris L. Pryor
        Steve DeBrota
        Assistant United States Attorneys
        10 West Market Street
        Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: 317-226-6333

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2017, a copy of the foregoing Response in Support of an Ex Parte, In Camera Motion for a Protective Order pursuant to CIPA Section 4 and Federal Rule of Criminal Procedure 16(d)(1) was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.

        By:    S:/Doris L. Pryor
                Doris L. Pryor
                Steve DeBrota
                Assistant United States Attorneys
                Office of the United States Attorney
                E-mail: Doris.Pryor@usdoj.gov