UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00190-SEB-MJD |
| | ) | |
| AKRAM I. MUSLEH, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause is before the Court on Defendant's motion seeking to prohibit the Government from filing *ex parte* and *in camera* its anticipated motion for protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Federal Rule of Criminal Procedure 16(d)(1) and instead compel disclosure of any such application to defense counsel (who have each obtained the necessary security clearances to view classified information).  In the alternative, Defendant requests that we require the Government to disclose its legal arguments in support of its *ex parte* § 4 application to defense counsel and/or provide defense counsel an opportunity to present to the Court *ex parte* information regarding Defendant's defense(s) to assist the Court's review of the Government's § 4 submission.  The Government does not oppose defense counsel being afforded the opportunity to make their own *ex parte* presentation to the Court, but does object to Defendant's other requests.

The primary relief sought by Defendant, to wit, a definitive pre-submission ruling that the Government be prohibited from making its anticipated § 4 CIPA filing *ex parte*, is both premature and unwarranted at this stage. It is undisputed that both § 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1) authorize *ex parte* proceedings in cases involving classified information. *See* 18 U.S.C. App. 3 § 4 ("The court may permit the United States to make a request [to deny or limit discovery of classified materials] in the form of a written statement to be inspected by the court alone."); Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*."). Moreover, there is ample case law within the Seventh Circuit and our sister circuits supporting a district court's authority to review classified information *ex parte* and *in camera* in cases involving national security. *See, e.g.*, *United States v. O'Hara*, 301 F.3d 563, 567-69 (7th Cir. 2002); *United States v. Abu-Jihaad*, 630 F.3d 102, 142-43 (2d Cir. 2010); *United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1260-62 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 620 (D.C. Cir. 1989).

Defendant argues that we should nonetheless exercise our discretion to prohibit the Government from filing its materials *ex parte* in this case absent a demonstration of exceptional circumstances. However, other courts have squarely rejected this argument. *See, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 18, 24-25 (D.D.C. 2006) ("[T]he Court declines to adopt the defendant's position that he must first have the opportunity to

litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4. There is simply no requirement for such a showing in the CIPA, and this Court cannot judicially require it."); *accord Abu-Jihaad*, 630 F.3d at 143 (rejecting the defendant's contention that *ex parte* submissions are improper "[a]bsent a showing of exceptional circumstances"). We decline to require the Government to make such a showing when it is neither mandated by the text of CIPA nor by any other applicable authority and has been expressly rejected by other courts.

It is true, as Defendant argues, that *ex parte* hearings are generally disfavored. However, in cases involving classified documents such as this, "*ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use to decide the relevancy of the information." *Klimavicius-Viloria*, 144 F.3d at 1261 (internal citation omitted). In fact, as the Second Circuit has recognized, "where the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" *Abu-Jihaad*, 630 F.3d at 143 (quoting *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008)). Accordingly, at least at this stage of the proceedings, when the Government's § 4 information has not yet been seen or reviewed by the Court, we decline to preemptively depart from the procedures set forth in CIPA that permit *ex parte*, *in camera* submissions to the court.[1] For these same

---

[1] The fact that defense counsel have security clearances does not alter our analysis. The Seventh Circuit has recognized that it is "a mistake to think that simple possession of a security clearance

3

reasons, we will not at this time require the Government to disclose to defense counsel its legal arguments that support non-production of classified information.

However, mindful of Defendant's concern that in reviewing the Government's *ex parte* filings, we do not "stand in place of defense counsel," (Dkt. 79 at 10), we will provide defense counsel an opportunity to present to the Court *ex parte* information regarding Defendant's defense(s) to assist in our review of the Government's § 4 submission. Moreover, if, upon receipt and review of the Government's submission, we find an insufficient basis for the *ex parte* nature of the filing, we retain discretion to determine whether the § 4 filing should remain *ex parte* or whether some or all of any such filing should be disclosed to cleared defense counsel.

IT IS SO ORDERED.

Date: 10/20/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF

---

automatically entitles its possessor [] access to classified information that he is cleared to see." *United States v. Daoud*, 755 F.3d 479, 484, *supplemented*, 761 F.3d 678 (7th Cir. 2014). Rather, "in addition to having the requisite clearance the seeker must convince the holder of the information of the seeker's need to know it." *Id.* We cannot yet make such an assessment here.