UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           ) CAUSE NO.:
                                 ) 1:16-CR-00190-SEB/MJD-01
                                 ) Indianapolis, Indiana
        -v-                      ) March 20th, 2017
                                 ) 1:45 p.m.
AKRAM I. MUSLEH,                 )
                                 )
            Defendant.           )


Before the Honorable

SARAH EVANS BARKER, JUDGE


OFFICIAL REPORTER'S TRANSCRIPT OF
MOTION FOR CONTINUANCE


Court Reporter:        Laura Howie-Walters, FCRR, CSR, RPR
                       Official Court Reporter
                       United States District Court
                       46 E. Ohio Street
                       Room 217
                       Indianapolis, Indiana  46204


PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT PRODUCED BY ECLIPSE NT COMPUTER-AIDED TRANSCRIPTION

1

2

3                    **A P P E A R A N C E S**

4

5    **For the Government:**        Doris L. Pryor, Esq.
                                     Steven D. DeBrota, Esq.
6                                    Assistant U.S. Attorney
                                     United States Attorney's Office
7                                    10 West Market Street
                                     Suite 2100
8                                    Indianapolis, IN  46204

9                                         and

10                                   Paul G. Casey
                                     Dan Hartenstein
11                                   U.S. DEPARTMENT OF JUSTICE
                                     National Security Division
12                                   600 E. St. NW
                                     Room 4073
13                                   Washington, D.C.  20004

14

15   **For Defendant:**             Robin V. Waters, Esq.
                                     DURKIN & ROBERTS
16                                   2446 North Clark Street
                                     Chicago, IL  60614

17
                                          and
18
                                     Joshua S. Moudy, Esq.
19                                   KAMMEN & MOUDY
                                     135 N. Pennsylvania St.
20                                   Suite 1175
                                     Indianapolis, IN  46204

21

22

23

24

25

```
 1                          (Open court.)
 2             THE COURT:  Good afternoon, all.
 3             MS. PRYOR:  Good afternoon.
 4             MS. WATERS:  Good afternoon.
 5             THE COURT:  You may be seated.
 6             Counsel, nice to see you.
 7             MS. WATERS:  Nice to see you as well, Judge.
 8             THE COURT:  We'll have the matter called and then
 9    we'll get on with our agenda today, but in the course of that,
10    I'll invite you, Ms. Waters, to bring up any issues that you
11    desire to do.
12             MS. WATERS:  Thank you, Judge.
13             THE COURT:  Would you call the matter, please.
14                     (Call to order of the Court)
15             THE COURT:  All right.  The lawyers who are present
16    have probably made their names known to the court reporter.
17             Is that true?
18             COURT REPORTER:  Yes, Judge.
19             THE COURT:  So I don't need to go through that
20    formality.  We are convened for procedural reasons in this case
21    to address the schedule that needs to be established so that we
22    can move towards a trial date and make sure that we've
23    gotten done all the things we need to get done in the interim.
24             So let me just state that the Court held -- this judge
25    held an ex parte in camera conference with Government counsel
```

1    and the investigative agent just prior to taking the bench for

2    this hearing.

3            During that particular proceeding, we discussed

4    scheduling.  We discussed anticipated procedures that will have

5    to be addressed under the CIPA protocols.  There was no

6    information imparted because the Government's investigation is

7    still underway and being conducted, their review of documents

8    and so forth.  So no classified information, no confidential

9    information of an investigative sort was recounted to this

10   judge.

11           So that was the Section 2 hearing that occurred.  We

12   will reconvene that hearing when the Government notifies us

13   that they are willing to -- or they're ready, I should say,

14   they'll be willing  when they are ready to make the disclosures

15   to the Court that are required under that rule.

16           I have also been provided a draft schedule, a

17   scheduling order, that was represented to me to be an

18   agreed-upon order by the parties as to a method of organizing

19   all of the events that need to occur in order to get the case

20   trial ready.  So I want to make sure that this order and the

21   schedule are to your liking, Ms. Waters, on behalf of the

22   defendant.  The Government has said that it is their wish that

23   we proceed in accordance with it.

24           So that's the information that I have to impart at

25   this hearing.  Is there anything further that the Government

1    wants to raise before I inquire more specifically about the

2    schedule?

3              MS. PRYOR:  No, Your Honor.

4              THE COURT:  Okay, Ms. Pryor.

5              Ms. Waters, welcome again.  Have you seen this order?

6              MS. WATERS:  Judge, I have.

7              THE COURT:  Is it acceptable to you?

8              MS. WATERS:  It is.

9              THE COURT:  Okay.  Then I will cause it to be made of

10   record.  The effect of that will be to remove the June 12th

11   trial from the calendar.  As I look at the schedule, given the

12   things that need to be done, the last date is March -- it says

13   March 2nd, 2017.  Do you mean 2018?

14             MS. PRYOR:  Yes, Your Honor.

15             THE COURT:  So I'll make that change.

16             And the same for the January date, 2018?

17             MS. PRYOR:  2018, yes, Your Honor.

18             THE COURT:  We'll make those two changes.

19             So mostly to have a trial date that we can aim for,

20   I'm wondering if you think that I should carve out time, let's

21   say, in late April of 2018?  Is that going to be realistic or

22   should we push on farther so that it's basically in June or

23   something like that?

24             MS. PRYOR:  Your Honor, at this time, the Government

25   is not in a position without speaking with Mr. Durkin.

1  However, we would request June of 2018 at the earliest so that

2  date can be what we perceive as to be a solid date that both

3  parties can work through.

4        THE COURT:  Okay.  I want a date that we can target.

5        MS. PRYOR:  Yes, Your Honor.

6        THE COURT:  Even if it has to be adjusted a little

7  bit.  So be as prudent as you think you need to be in telling

8  me a date so that when I carve out the time, it's something we

9  can all aim for.

10        MS. PRYOR:  Yes, Your Honor.

11        THE COURT:  Do you think June?

12        MS. PRYOR:  Yes, Your Honor.

13        THE COURT:  How does that sound to you, Ms. Waters?

14        MS. WATERS:  Judge, I'd also like to confer with my

15  co-counsel.

16        THE COURT:  Would you rise when you address the Court.

17        MS. WATERS:  I would also like to confer with my

18  co-counsel about that date, but if the Court is inclined to

19  set -- carve out your schedule for a tentative date, then

20  that's agreeable with the caveat it may have to be adjusted

21  later.

22        THE COURT:  I'd like very much for us to move

23  methodically towards a date, so I don't want it to be so

24  hypothetical that it has no meaning.  So if you think June of

25  2018 is not realistic, please tell me what you think it should

1  be.

2          MS. WATERS:  Judge, at this point, that date is open

3  on my trial calendar, so I would agree to that.

4          THE COURT:  We'll look for a date and block out the

5  time.

6          MS. WATERS:  Okay.

7          THE COURT:  It won't be the very first of June, it

8  will be probably be back into June, like the middle of June.

9          MS. WATERS:  Okay.

10          THE COURT:  And we'll use that as the target date, and

11  hopefully the guide for keeping the rest of the deadlines that

12  you've imposed on yourselves, that I endorse by the way.

13          MS. PRYOR:  Yes, ma'am.

14          THE COURT:  Ms. Waters, is there anything that you

15  wish to raise with the Court at this hearing?

16          MS. WATERS:  There is not, Judge.

17          THE COURT:  May I ask where Mr. Musleh is being housed

18  now?

19          MS. WATERS:  He's being housed in Grayson, Kentucky.

20          THE COURT:  Grayson.  That's one of our usual

21  locations.  And so in terms of communicating with him, do you

22  do that by visits or telephonically?

23          MS. WATERS:  Telephonically, and actually the facility

24  has a video conferencing, so it's not difficult to get regular

25  communication with Mr. Musleh.

```
 1            THE COURT:  I know on short notice, Mr. Moudy would be
 2   ready, willing and able to get down there.  That's what our
 3   Indianapolis lawyers do, but I wanted to make sure the fact
 4   that he's remote from Indianapolis isn't an impediment to your
 5   conferring with him.
 6            MS. WATERS:  At this point it's not, but I appreciate
 7   that.  Thank you.
 8            THE COURT:  All right.  Very good.  Those are all the
 9   matters that I had to raise with respect to the current status
10   of the case.
11            Anything further, Ms. Pryor?
12            MS. PRYOR:  Your Honor, if I may just -- for the
13   June 2018 trial date that we've just agreed to somewhat for the
14   Speedy Trial, that time will be waived?
15            THE COURT:  You let your voice trail off and I missed
16   what you said.  You're concerned about the Speedy Trial Act?
17            MS. PRYOR:  Yes, Your Honor, and requesting that that
18   time be excluded?
19            THE COURT:  I will exclude it, and I'll enter an order
20   when I set the trial date that shows the stipulation of the
21   parties as to that time, and also peg it to the language of the
22   Speedy Trial Act.
23            MS. PRYOR:  Nothing further from the Government, Your
24   Honor.
25            THE COURT:  Mr. DeBrota may have something for you.
```

1           MR. DeBROTA:  That was the same issue, Your Honor.

2           THE COURT:  Yes, we'll do that in our usual Speedy

3 Trial language way.

4           So anything further?

5           MR. HARTENSTIEN:  No, Your Honor.

6           THE COURT:  Well, that completes our hearing then.

7 Thank you very much.  Would you tell Mr. Durkin I hope that he

8 manages through the family business that he has.

9           MS. WATERS:  I will.

10          THE COURT:  I'm sorry for that.

11          MS. WATERS:  I will.  Thank you very much, Judge.

12          THE COURT:  Thank you.

13             (Court adjourned at 2:10 p.m.)

14

15 ************************************************************

16             CERTIFICATE OF COURT REPORTER

17

18       I, Laura Howie-Walters, hereby certify that the

19 foregoing is a true and correct transcript from reported

20 proceedings in the above-entitled matter.

21

22

23 /S/LAURA HOWIE-WALTERS   January 26th, 2018

24 LAURA HOWIE-WALTERS, FCRR, RPR, CSR
Official Court Reporter
25 Southern District of Indiana
Indianapolis Division